FISCHER v. HAYES.

SAME v. NEIL.

SAME v. SHAUGNESSY and others.

(*Circuit Court, S. D. New York.* April 12, 1883.)

1. PATENTS—MASTER'S REPORT—EXCEPTIONS.

Where a master had notified the respective attorneys that the draft reports were ready for their inspection, and verbal objections were made before him to his findings, but said objections were not reduced to writing and filed, and the exceptions to the master's report are substantially the same as the verbal objections, it will be sufficient if the objections are reduced to writing and filed with the master *nunc pro tunc.*

2. SAME—EVIDENCE—PRODUCTION OF BOOKS.

Where a master, to whom a reference has been made to ascertain the profits made by defendant in the use of an infringing machine, was unable to determine the length of time the said machine was used by defendant, and such inability could have been obviated by an examination of defendant's books, and plaintiff neglected to obtain an order compelling their production after defendant refused to produce them, the case will not be sent back to the master for review.

Exceptions to Report of Master.

*Edmund Wetmore,* for plaintiff.

*J. H. Whitelegge,* for defendant.

SHIPMAN, J. The plaintiff has filed exceptions to the master's report in each of these three cases, and in each case the defendant insists that the exceptions cannot be heard, because no written objections were filed to the draft reports.

It appears from the certificate of the master that the respective counsel were notified that the draft reports were ready for their inspection and suggestions, whereupon they appeared before him; that the plaintiff's counsel verbally objected to certain findings; and that the written exceptions which have been filed are substantially the same as the verbal objections which were presented to him when the draft reports were submitted. The plaintiff's practice was faulty, in that the verbal objections were not reduced to writing and were not filed with the master. It will be sufficient if they are now reduced to writing in substantially the form in which they appear in the exceptions, and are filed with the master *nunc pro tunc.*

The Hayes and Neil cases present the same state of facts. In each case the master has found the extent of the use of the respective infringing machines by the respective defendants; but, in each case,

has also found that the evidence fails to establish a satisfactory and reliable basis for computing the profits realized by the defendant, or the savings made by him by reason of his use of the plaintiff's device. No damages were claimed. The plaintiff has excepted, in various forms, to the master's findings in regard to profits.

My examination of the record in each of these cases satisfies me of the correctness of the master's findings upon the evidence as presented, and that the testimony on the part of the plaintiff, without reference to the defendant's testimony, was not such as to furnish a satisfactory and reliable basis for computing the defendant's savings or profits. But I am also impressed with the idea that, if these two cases should be finally disposed of at this stage, and with a decree based upon such scanty and unsatisfactory evidence, certainly an unsatisfactory, and, possibly, incorrect, result would be reached. I do not say that I am satisfied that profits were made, but I am of opinion that, if they were made, evidence can be furnished which will give the master and the court a satisfactory method of ascertaining how much they were. The plaintiff's counsel say that they can furnish other proofs.

Separate orders will be entered, each order providing that the appropriately-entitled case shall be sent back to the master for review, with liberty to the plaintiff to introduce, within six weeks from the date of the order, such additional admissible testimony as he shall think proper to introduce, but solely on the question of the savings or the profits of the defendant from the use of the infringing machines during the time already found by the master; the defendant to have liberty to introduce additional admissible testimony upon the same subject within and before the expiration of four weeks from the time when the plaintiff rests, always provided, and the liberty to the plaintiff to be upon the express condition, that before the expiration of 10 days from the date of the order the sum of $150 shall be paid to the defendant, through his attorney of record, as the terms upon which this permission is granted. I think that each defendant has been subjected to this expense in the preparation and printing of the briefs, and the argument upon the objections and the exceptions.

The case against Shaugnessy and Simpson rests upon different grounds. As, in the other cases, the master states his inability to find, from the plaintiff's testimony, a satisfactory and reliable means by which to compute the profits of the defendant, and also that he is unable to find for how much time they used the infringing machines. It is plain that, in the opinion of the master, the latter inabilit▿

might, perhaps, have been obviated by an examination of the defendant's books, which they refused to produce upon the ground that the books would throw no light upon the extent of the use. · This refusal took place on August 12, 1881; the examination was not finished until February 23, 1882. No effort was made by the plaintiff to compel the production of the books, probably because he thought that they would not furnish satisfactory evidence, and the hearing went on with but little aid from other witnesses in regard to the extent of the defendant's infringement. This case should not be returned to the master, it being apparent that the facts in regard to the use cannot be found with accuracy, unless by the aid of the defendant's books, and the plaintiff having had an abundant opportunity to ask for an order for their production and inspection, if he had wanted to see them.

The exceptions in this case are overruled, and the report is confirmed.